M. RILEY, Appellee, v. TOWN OF IOWA FALLS, Appellant.

83b 760
92 716

**Defective Streets:** EVIDENCE: DAMAGES: IMPROPER REMARKS IN ARGUMENT TO JURY: COSTS ON APPEAL.

*Appeal from Hardin District Court.*—HON. J. L. STEVENS, Judge.

FRIDAY, OCTOBER 23, 1891.

ACTION to recover for personal injuries incurred from a fall caused by a defective sidewalk. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. E. Albrook*, for appellant.

*J. H. Scales*, for appellee.

BECK, C. J.—The objections to the judgment will be considered in the order of their discussion in the printed argument of the defendant's counsel.

I. It is insisted that the evidence does not sufficiently establish the existence of a defect in the sidewalk, which is the ground of the plaintiff's claim, and that the defendant was chargeable with notice of such defect. The sufficiency of the evidence is discussed in two or three divisions of the argument. In our opinion, counsel's position, which is argued at considerable length, is not sustained by the abstract. It is clearly shown that the sidewalk, which was of plank, was decayed and out of repair. The accident resulted from a plank, when stepped upon by one walking with the plaintiff, flying up and tripping him. It is insisted that this identical plank was not shown to have been loose before the accident. This may be admitted. But it was shown that the planks along the place of that accident were loose and decayed; that the plank causing the injury was old and decayed; and the stringers upon which it was laid were not in good order. The nails in it did not keep it in place. The walk had been in the condition indicated by the fact that the planks were partly loose or decayed for several months, and a member of the city council had been informed of the insufficient condition of the sidewalk about the place of the accident. We think the evidence authorized the jury to find that the sidewalk was defective, of which the defendant had notice. At least it cannot be said that the verdict is so without the support of evidence as to authorize the conclusion that it is the result of passion or prejudice, and not the exercise of the intelligent and honest discretion of the jury.

II. Counsel seems to question the claim of the plaintiff made as to his injuries. They were about the face, and, while not permanent, were severe.

III. Counsel complained of the rulings upon the admission of evidence as to the defective sidewalk, repairs thereon, and the like. We discover no error in these rulings, and think the objections demand no further attention.

IV. Instructions are complained of on the ground that there is no evidence to which they are applicable. We think the objections are not well taken. One instruction is complained of on account of language which we do not find in it. We think the instructions are unobjectionable.

V. It is urged that the verdict is excessive. The plaintiff had severe injuries to his face and head. One of his teeth was loosened by the fall. The verdict was for three hundred dollars. It surely is not subject to the objection of being excessive.

VI. Counsel for the defendant upon the argument was proceeding to comment upon an amended petition as to the construction and condition of the walk, but was directed by the court to suspend his comments. An amended abstract of the appellee, which is not denied, shows that this amendment to the petition, the foundation of the comments, had been withdrawn. It was not a subject for discussion by counsel, for it was not a pleading in the case.

VI. The defendant files a motion to tax the costs of the amended abstract filed by the plaintiff to him. It is overruled. We think the

amendments were rightly made, in order to present with sufficient correctness and fulness the facts of the case. The judgment of the district court is AFFIRMED.