SARAH C. SMALLWOOD, Respondent, v. CITY OF
TIPTON, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Evidence**: NEGLIGENCE: PLACE OF INJURY: NOTICE. Though plaintiff
was injured by a loose board in a sidewalk, yet it was proper for the
witnesses to describe the sidewalk at the point of the injury, although
the broken boards in the walk there did not cause the injury, but
served to give notice of the unsafe condition of the walk.

2. ———: ———: HARMLESS ERROR. The plaintiff, after her injury, on meeting her sister, said she was badly hurt, and at the trial the sister so testified. *Held,* admitting its incompetency, it is harmless, since the plaintiff was shown by other evidence to be badly hurt at the time.

3. ———: DEMURRER TO. Evidence in this case warranted its submission to the jury.

*Appeal from the Moniteau Circuit Court.*—HON. DORSEY W. SHACKLEFORD, Judge.

AFFIRMED.

*W. F. Quigley, Jas. E. Hazell & Geo. B. P. Jackson* for appellant.

(1) The court erred in admitting evidence concerning the condition of the sidewalk at places other than that at which the plaintiff claimed to have been injured and at times subsequent to the injury. *Bowles v. Kansas City,* 51 Mo. 416; *Ruggles v. Nevada,* 63 Iowa, 185; *Goodson v. DesMoines,* 23 N. W. Rep. 655; *Armstrong v. Ackley,* 32 N. W. Rep. 180; Ray on Neglect of Imp. Duties, sec. 192, p. 722; Elliot on Roads, 644; 2 Dillon on Mun. Corp., secs. 1015–1020; *Craig v. Sedalia,* 63 Mo. 417; *Beaudeau v. Cape Girardeau,* 71 Mo. 392; *Fritz v. Kansas City,* 84 Mo. 632. (2) The court erred in permitting the witness, Mrs. Higgins, to repeat statements made by the plaintiff after she returned to her house subsequent to the first accident. *Firkins v. The Chicago Great Western* (Minn. May 6th last), Central Law Journal, vol. 41, p. 96; Elliott on Roads, 644; *Leahy v. Railroad,* 97 Mo. 165; *Adams v. Railroad,* 74 Mo. 553; *Kelly v. Railroad,* 88 Mo. 534; *Aldredge v. Furnace Co.,* 78 Mo. 559; *Updyke v. Wheeler,* 37 Mo. App. 680; *Hampton v. Car Co.,* 42 Mo. App. 134. The verdict on the second count is manifestly wrong. It shows a conclusion by the jury that the defendant was

not guilty of the negligence charged, but makes an assessment of a nominal sum in order to put the costs on the defendant. Under the evidence, the court should have given the peremptory instructions to find for the defendant on both counts.

*Draffen & Williams* and *Moore & Williams* for respondent.

(1) The law does not confine the evidence to the single plank that caused the injury. Plaintiff's case, as made, comes clearly within the rule laid down in the following cases: *Bowles v. Kansas City*, 51 Mo. App. 411; *Hipsley v. Railroad*, 88 Mo. 348–354; *Riley v. Iowa Falls*, 50 N. W. Rep. 33. Jones on Negligence of Municipal Corporations, sec. 244, and note. Sec. 189, note 1, sec. 190; *Sullivan v. City of Oshkosh*, 13 N. W. Rep. (Wis.), 468; *Spearbacker v. Larrabee*, 25 N. W. Rep. 555. (2) There was no error in the court refusing to strike out the statement of the witness Mrs. Higgins. This statement is wholly immaterial, since there is no pretense that the plaintiff, at the time, was not "badly hurt." (3) There is no settled rule, as to what length of time would furnish evidence of notice. The circumstances of each case must be considered with reference to the defect in question. *Maus v. City of Springfield*, 101 Mo. 614.

GILL, J.—This action is in two counts for personal injuries received by plaintiff while passing along the sidewalks of the defendant city. The first occurred in November, 1890, when plaintiff tripped and fell over a loose plank in the sidewalk on Morgan street, in front of a lot owned and occupied by one Hurst; and the other injury occurred in September, 1892, when plaintiff met with a similar misfortune on the same street, in

front of one Howard's property. The jury in the trial court returned a verdict for plaintiff on the first count in the sum of $750, and on the second count for $5, and defendant appealed.

1. Treating of the errors assigned in their order, it is claimed by defendant's counsel that the trial court erroneously permitted evidence to go to the jury relating to the condition of the walk at places other than that at which plaintiff was injured. We have examined the record and the evidence from which this objection arose, and find no just cause for complaint. The witnesses were asked to state the condition of the walk in front of the Hurst lot, where, it must be admitted, plaintiff fell and was injured; and the answers were that it was generally in a bad, old and "rickety" condition; that there were two or three boards broken down between the stringers. These broken planks were located by the witnesses as being in the immediate vicinity of the loose boards where plaintiff fell, not more than four; six, or eight feet away, on both sides of the loose plank. While the plaintiff's injuries were not attributable to the broken boards, but, according to her evidence, were occasioned by the boards becoming loose and not fastened to the stringers, yet it was proper to prove the generally bad and decayed condition of the sidewalk at that point, in front of Hurst's lot, not only as tending to prove the particular defect complained of, but also as tending to give notice to the city authorities of the defective condition of the sidewalk. The broken boards, the old, dilapidated condition generally along in front of the Hurst lot, would have a tendency to excite inquiry with the city officers, acting as ordinarily prudent persons, and cause them to investigate and discover the unfastened, loosened condition of the boards at that point. Jones on Neg. Mun. Corp.,

secs. 189-244; *Bowles v. Kansas City*, 51 Mo. App. 421; *Riley v. Iowa Falls*, 83 Iowa, 761.

2. At the trial Mrs. Higgins, sister of the plaintiff, on being asked: "Where did you see her?" (referring to plaintiff after the injury), answered: "Well, Mr. Snorgrass brought her home, and when she came in she told me she was badly hurt." Defendant's counsel objected to this answer and asked the trial judge to strike it out. To the overruling of this objection complaint is now made.

Admitting this statement of the witness to be incompetent, it is hardly possible that the error of its admission could have worked any harm. The injured plaintiff did not detail how or where she was hurt, but only gave expression to a sense of pain. And from all the evidence in the case it is put beyond question, and must be admitted, that she was at the time badly hurt. It would be trifling to award a new trial for this harmless answer of Mrs. Higgins.

3. As to the remaining objection—that under the evidence the plaintiff ought not to have recovered, and that the court should have sustained a demurrer to the evidence on one or both counts of the petition—it is sufficient to say that there was ample testimony justifying the court in submitting the case to the jury. There was substantial evidence tending to prove serious injuries, and that they were occasioned by the negligent failure of the city to keep its sidewalks in a proper state of repair; that, at the points where the plaintiff was hurt, the walks had become decayed, out of repair, and unsafe, and that this condition had continued a sufficient length of time before the accidents as to warrant the finding that the city authorities knew such condition, or, by the exercise of ordinary care, could have known thereof.

The instructions fairly and correctly declared the law applicable to the case, but of these we do not understand counsel to urge any objection.

Judgment affirmed. All concur.