OTTO F. JEGGLIN, Appellant, v. GEORGE ROEDER, Respondent.

Kansas City Court of Appeals, April 3, 1899.

1. **Appellate Practice:** GRANTING NEW TRIAL. On an appeal from an order granting a new trial the appellate court will not only look at the reasons assigned by the trial court but will support its action if the result was correct even though an improper reason was given therefor.

2. **Negligence:** GRATING IN SIDEWALK: ABUTTING OWNER'S DUTY: INSTRUCTIONS. An abutting owner has a right to utilize the space beneath the sidewalk and place gratings therein to admit light but he must use care to properly construct and maintain the same against the defects that are the ordinary and natural result of use and climatic influences; and instructions covering these points are examined and approved.

3. ———: ———: CONSTRUCTIVE NOTICE. Such owner will be charged with knowledge of defects of which he might have known by the use of due diligence the same as if he had actual knowledge thereof; and in this case the evidence warranted the jury in finding such constructive knowledge.

4. **Evidence:** DECLARATIONS OF PARTY AS TO HIS INJURIES: HARMLESS ERROR. The propriety of admitting declarations of the plaintiff as to his physical condition made after the injury, is doubted, but in this case the admission is held harmless.

*Appeal from the Boone Circuit Court.*—HON. DORSEY W. SHACKLEFORD, Judge.

REVERSED AND REMANDED (with directions).

J. W. JAMISON and W. M. WILLIAMS for appellant.

(1) The law requiring that in every order granting a new trial, the ground upon which the new trial is granted shall be specified of record, and the trial court having specified only one it must be presumed that no other ground was found in the motion for sustaining the application for a new trial. Bradley v. Reppell, 133 Mo. 545. The court, however, in this case expressly declared in its order that the verdict was not against the weight of the evidence. (2) The instruction, for which the verdict was set aside, correctly declared the law under the facts of this case and plaintiff was entitled to the same. Canandeagtua v. Foster, 156 N. Y. 354; Jones on Negligence of Mun. Corp., secs. 94, 122, 157, 190; Elliott on Roads and Streets, p. 60; LaSalle v. Porterfield, 27 N. E. Rep. (Ill.) 937; Stephenson v. Joy, 25 N. E. Rep. (Mass.) 78; Dedrick v. Railway, 21 Mo. App. 433; Franke v. St. Louis,

110 Mo. 516-526; Krampe v. Brewing Ass'n, 59 Mo. App. 277; Gutridge v. Railway, 105 Mo. 520; Squires v. Chillicothe, 89 Mo. 226; Jones on Negligence of Mun. Corp., secs. 122, 157. (3) The facts proved by plaintiff made out a case that entitled him to go to the jury. Covey v. Railway, 86 Mo. 635; Hickman v. Railway, 22 Mo. App. 344. (4) There was no error in the admission of evidence. The only complaint made of the ruling of the court in that regard is as to statements of physical suffering and pain. This was competent, but even if it had not been no harm could possibly have resulted. The extent of plaintiff's injury was clearly proved and in fact was not disputed. Smallwood v. Tipton, 63 Mo. App. 234.

C. D. CORUM and JOHN COSGROVE for respondent.

(1) There is no merit in the first point made in appellant's brief. Hewitt v. Steele, 118 Mo. 463; Thiele v. Railway, 140 Mo. 335; Real Estate Co. v. McDonald, 140 Mo. 612, and cases cited; Bunyan v. Railway, 127 Mo. 12; Ittner v. Hughes, 133 Mo. 692; Millar v. Car Co., 130 Mo. 517; Candee v. Railway, 130 Mo. 153. (2) The maxim, *res ipsa loquitur*, does not apply in this case. It was not shown that the respondent had any knowledge of a real or supposed defect in the grate over the excavation, or that he might have had such knowledge, by the exercise of ordinary care and diligence, if a defect existed prior to the night of the accident. The respondent was only required to exercise ordinary care, and there was no attempt to prove that he did not exercise such care. Benjamin v. Railway, 133 Mo. 274; s. c., 50 Mo. App. 602; Yarnell v. Railway, 113 Mo. 576. (3) The court imposed, by instruction number 2, given in behalf of appellant, a burden on the respondent which the law does not place upon him. The giving of that instruction was error. Beach on Public Corp., secs. 1506, 1516 and 1517; O'Donnell v. Baum, 38 Mo. App. 245. (4) The length of time the grate

had been in use as a covering to the excavation raises a presumption that it was skillfully constructed, and of proper and suitable material, made and placed in the sidewalk with the consent of the city authorities. Benjamin v. Railway, 133 Mo. 274; Fisher v. Thirkell, 21 Mich. 1; 4 Am. Rep. 422; Elliott on Roads and Streets, 540, 541; Gordon v. Peltzer, 56 Mo. App. 599, and cases cited; Jennings v. Van Schaick, 108 N. Y. 330; 2 Sherman and Redfield on Negligence [5 Ed.], sec. 703; Nelson v. Godfrey, 12 Ill. 22. (5) Negligence will not be presumed from the mere happening of an accident. Breen v. Cooperage Co., 50 Mo. App. 202; Murphy v. Railway, 115 Mo. 111; Bohn v. Railway, 106 Mo. 429. (6) The admission in evidence of the alleged statements of appellant to his witness, Clinkenberg, made two or three weeks after the accident, was error. Gillett, Indirect and Collateral Evidence, sec. 271; Railway v. Holland, 82 Ga. 257; Leahey v. Railroad, 97 Mo. 165; Goss v. Railway, 50 Mo. App. 614.

GILL, J.—Plaintiff appeals from an order of the trial court sustaining defendant's motion for new trial. The action is for personal injuries received by plaintiff in falling through an iron grating placed by defendant in the sidewalk in front of a business house occupied and controlled by the defendant. The negligence complained of is that the grate, constructed and maintained by defendant for a long time STATEMENT.      prior to the accident, had become broken and insecure; that defendant had negligently failed to repair it; and that plaintiff, while passing along the walk with some companions on the night of July 3, 4, 1897, stepped thereon, the grating gave way, one of plaintiff's legs went into the excavation beneath and he was thus thrown against the stone sidewalk and steps, breaking one rib, tearing another loose and inflicting some other injuries.

The answer was a general denial coupled with a plea of contributory negligence. On a trial by jury plaintiff had a

verdict for $575. This verdict was, on defendant's motion, set aside, "for the sole reason," as stated by the court's order, "that the instruction numbered two given for plaintiff was erroneous, and was argued to the jury by counsel as declaring as a matter of law that it was the duty of defendant to make an examination, and the court especially finds that the verdict is not against the weight of the evidence."

We deem it proper here, not only to quote said instruction number 2 (on account of which the court awarded a new trial) but also to copy all the instructions given, so that it may be seen whether or not the court was justified in its action.

At plaintiff's request the court instructed the jury as follows:

2. "If the jury shall find from the evidence that the defendant placed a grate over an excavation in the sidewalk in front of the building used and occupied by him on Spring street, in the city of Boonville, and that on or about the 4th day of July, 1897, the said grate was in a defective condition, and insufficient to prevent persons from falling into said excavation, and that defendant by using reasonable care and diligence in examining said grate might have discovered said defect, even though the same was not of such a character as to be noticed by passers-by or those casually upon the premises, and that the plaintiff while walking along said sidewalk in the night time on or about said 4th day of July, 1897, stepped upon said grate and that it gave way and he fell or partly fell into said excavation in consequence of the defective condition of said grate, then the jury must find the issues for the plaintiff.

3. "The jury are instructed that the plaintiff had the right to walk along the sidewalk in front of the premises used by the defendant, if the jury shall believe that they were so used, and that if the defendant maintained and kept the grate over an excavation in the sidewalk for his convenience it was

his duty to use reasonable care to see that it was kept reasonably safe for travel over the same by day or by night.

4. "The jury are instructed that there is no evidence in this case that plaintiff was guilty of contributory negligence while passing over the sidewalk in front of said house on Spring street in the city of Boonville, and the jury will exclude any question of contributory negligence from their consideration in this case.'

6. "If the jury find the issues for the plaintiff, in assessing his damages, they will take into consideration the nature and extent of the injuries which they find that he received in consequence of having fallen into the excavation referred to in these instructions, the expense, if any, incurred by him for medical attention on account of any such injuries, the physical pain and mental anguish, if any, and will allow him such sum as they may believe from the evidence will compensate him for the injuries so sustained, if any.

7. "Reasonable care as used in these instructions means such care as an ordinarily prudent person would have used under similar circumstances."

And at the instance of defendant the court gave the following:

6. "Although the jury may believe from the evidence that the iron grate through which the plaintiff claims to have fallen on the night of July 3rd, 1897, was cracked or broken, and were it not for such defect the plaintiff could not have been injured by falling through the same, still the jury can not find for the plaintiff, unless they shall further believe from the evidence that the defects in said grate were of such character that they could have been discerned by the defendant by the exercise of ordinary care and prudence, and unless this proof is made to your satisfaction your verdict should be for the defendant."

VOL. 79 app—28

I.   It is now the well settled rule in this state that the appellate courts will not reverse an order sustaining a motion for new trial, if the action of the lower court can be upheld for any of the grounds set out in the motion therefor.   In other words, we look not only at the reasons assigned by the trial judge, but will support his action if the result was correct, even though an improper reason was given therefor. Thiele v. Railway, 140 Mo. loc. cit. 335.

APPELLATE practice: granting new trial.

The owner or occupier of real estate abutting on a street has, I take it, the undoubted right to utilize the space beneath the sidewalk, and may for his own convenience excavate the earth and place grating in the sidewalk so as to admit light and air.   Such use however, of the highway must not interfere with the public easement; the right of the public to pass and repass over the sidewalk is paramount to that of such owner or his tenant.   Gordon v. Peltzer, 56 Mo. App. 599, and authorities cited.   If the coal hole or grating is so constructed as to disturb the public use, or to endanger persons traveling on the sidewalk, it is, in the beginning, a nuisance; if it be properly constructed, but subsequently gets out of repair, it then *becomes* a nuisance.   And in either event, if persons traveling along the street and exercising on their part ordinary care, receive injury by reason of such nuisance, then the party constructing and maintaining the same is liable for the resulting damage, *provided*, however, that such owner or occupier was guilty of negligence in the construction or in failing to properly maintain the grating.   Even then though the grating be without fault in its original construction, the duty still devolves on the abutting owner or proprietor to exercise ordinary care to keep and maintain the same in a good and reasonably safe condition.   He is bound to take notice of the probable operation of time and the elements on the material used and of the probable effect of "wear and tear."   He should therefore make such examination or

NEGLIGENCE: grating in sidewalk: abutting owner's duty: instructions.

inspection from time to time as an ordinarily prudent man would under the same circumstances. Actual notice of such defects is not necessary in order to hold the owner or proprietor; it is enough if by the exercise of due diligence they were discoverable. 2 Sherman & Redfield on Neg. [5 Ed.], sec. 703.

The inspection required may be likened to that due from master to servant as to the safety of the place where, or the tools with which the servant works; "he must not only furnish this originally but must use ordinary care and diligence to see that it is kept in that condition." Hickman v. Railway, 22 Mo. App. 344; see, also, Gutridge v. Railway, 105 Mo. 520. Or again it is analagous to that examination required of the city authorities, where it is said that: "Municipal corporations are chargeable with knowledge of the operation of natural causes; and in the same manner that they are to guard against decay in board walks, they are to protect the public from injuries by reason of the ordinary decay of the timbers or planks of a bridge. Reasonable examination in each case is all that is required, and the amount of inspection undertaken must be adequately proportioned to the location of the bridge and to the uses to which it is put. And if the defects are not discoverable by reasonable inspection, injuries occasioned by them will not create liability." Jones on Negligence of Municipal Corp., sec. 122; Elliott on Roads and Streets, pp. 462, 541; Benjamin v. Railway, 133 Mo. 274; Stevenson v. Joy, 152 Mass. 45.

"It is," says the court in LaSalle v. Porterfield, 138 Ill. 114, "the duty of municipal officers to use ordinary care in keeping its bridges, culverts, etc., in a safe condition for public travel, and this involves the anticipation of defects that are the natural and ordinary result of use and climatic influences; and so wherever there is neglect on the part of the proper officer to make a sufficiently frequent examination of a particular structure, a municipality will not be relieved from liability, although the defect may not be open and notorious."

The same responsibility now resting on the abutting proprietor in relation to these grates placed in the sidewalk, as rests upon the city in relation to defects in the highway, or as imposed on the master with reference to working tools and appliances furnished his servant, we conclude that the defendant in this case was in duty bound to exercise reasonable care not only to properly construct the grating in question, but as well thereafter to keep the same in a reasonably safe condition; and involved in this was his duty to anticipate defects that are the natural and ordinary result of use and climatic influences, and to reasonably inspect the same from time to time. · And to this effect the jury was correctly instructed. By plaintiff's second instruction the jury were in effect told that if the grate had become broken and unsafe "and that defendant by using reasonable care and diligence in examining said grate might have discovered said defect, even though the same was not of such character as to be noticed by passers-by or those casually upon the premises, and that the plaintiff while walking along said sidewalk in the night time on or about July 4, 1897, stepped upon said grate and that it gave way and he fell or partly fell into said excavation in consequence of the defect," etc., then he was entitled to recover.

Along with this also the court at the instance of plaintiff told the jury that it was the defendant's "duty to use reasonable care to see that the grate was kept reasonably safe for travel over the same by day or night." Reasonable care was properly defined "such care as an ordinarily prudent person would have used under similar circumstances." And still further, that there might be no misapprehension of the rules of law governing the case, the jury were by defendant's instruction number six advised, that although the grate was at the time cracked or broken and that plaintiff was on that account injured, "still the jury can not find for the plaintiff, unless they shall further believe from the evidence that the

Jegglin v. Roeder.

defects in said grate were of such a character that they could have been discerned by the defendant by the exercise of ordinary care and prudence, and unless this proof is made to your satisfaction your verdict should be for the defendant."

In our opinion then the plaintiff's second instruction contained a correct statement of the law as applied to the facts; and when read along with the other instructions given, it clearly appears that the jury were properly instructed as to the law governing the case. Under said instructions the defendant was only held to the performance of ordinary care—was bound to examine or inspect to the extent only that a man of ordinary prudence would have done under the same circumstances. The jury found that this duty was not performed, that the defects in the grate *were* "of such a character that they could have been discerned (or discovered) by the defendant by the exercise of ordinary care and prudence." The evidence tended to prove that defendant was conducting a business where machinery and other heavy articles of merchandise had been for some time handled and moved across this grating at the front of the store, and it might have been reasonably anticipated that the grating would become weakened or broken. It is conceded, too, that the grating was located in the line of a much traveled sidewalk where many pedestrians passed day and night. These and other circumstances would naturally suggest that care be exercised in keeping the grating in good repair.

In our opinion then the trial court was not justified in sustaining the motion for new trial for the reason assigned in its order.

II. Defendant's counsel contend that at all events the court's action was proper because his demurrer to the evidence should have been sustained. It is claimed that there was no

—: ——: constructive notice.

evidence that defendant had any knowledge of the defect in the grate. It is true that no witness directly testifies to such knowledge on

the part of the defendant. And it may be conceded, too, that defendant did not in fact know that the grate was broken. But if the facts were as testified to by plaintiff's witnesses, the defendant might have known if he had exercised the proper care. And what he might have known by due diligence, is, as to defendant, the same as actual knowledge. Such constructive knowledge is all the law requires. There was evidence on the part of plaintiff tending to prove that the grating had been cracked or broken some time before it gave way under the step of the plaintiff. At least two witnesses testified that in examining the pieces just after the accident an old break was disclosed, and that at the point where the grate finally separated an old crack appeared, and had continued in that condition so long that rust had formed. This was evidence of such physical facts as tended to prove a defect so long continued that the defendant ought to have known thereof; and if known then it ought to have been repaired. These facts speak for themselves—*res ipsa loquitur*.

III.   While one of plaintiff's witnesses was on the stand he testified, over the defendant's objection, that he met plaintiff from time to time during the several weeks after the accident, and plaintiff at such times gave expressions as to his physical condition, sometimes saying he was better and other times not so well, etc. We doubt the propriety of this ruling. The admission of such evidence is subject to great abuse. But in this particular case, where the testimony objected to was so indefinite and non-prejudicial, where the plaintiff's injuries were manifestly of quite a serious nature and yet the verdict ($575) small, we think it ought not to work a reversal of a judgment otherwise unobjectionable. Smallwood v. Tipton, 63 Mo. App. 234.

EVIDENCE: declarations of party as to his injuries: harmless error.

It results then that the judgment and order sustaining the defendant's motion for a new trial should be reversed and the cause remanded with directions to enter judgment on the verdict. The other judges concurring, it is so ordered.