COHN & GREENMAN, Respondents, v. NATIONAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Insurance: EXPLOSION: FIRE: CONSTRUCTION: INSTRUCTION.** A fire policy provided that the insurer was not to be liable for loss caused directly or indirectly by explosion of any kind, unless fire ensued, and in that event by fire only. *Held,* the insured could only recover for loss produced by fire following an explosion, and not by losses resulting from the explosion, and an instruction so construing the policy is approved.

2. ———: ———: ———: ———: ———. Notwithstanding such stipulation the insurer would, however, be liable for losses caused by an explosion if such explosion was the effect of a fire, and an instruction to such effect would be proper.

3. **New Trials: APPELLATE PRACTICE.** If a trial court in setting aside a verdict assigned an insufficient reason therefor the appellate court should, however, affirm the judgment if it finds in the appellant's motion for a new trial sufficient error assigned to warrant such new trial.

4. **Insurance: PUTTING OUT FIRE: DAMAGES: INSTRUCTION.** Damages to insured property, caused by efforts to stop the fire, are covered by the policy, and the jury should be so instructed.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The instruction is in strict harmony with the

condition of the contract, was fully supported by the evidence, and was therefore properly given. Briggs v. Ins. Co., 53 N. Y. 446, 2 Ins. L. J. 929; Hobbs v. Ins. Co., 11 Ont. App. 741; Miller v. Ins. Co., 41 Ill. App. 395; Ins. Co. v. Foote, 22 Ohio St. 340. (2) In Miller v. Ins. Co., 41 Ill. App. 395, it is held under a condition exactly like the condition in the policy in this case, that no recovery can be had for loss caused by explosion, even though the explosion be caused by fire. (3) There was no evidence in this case showing that there was an antecedent fire—and in that respect, among others, this case differs materially from the case of LaForce v. Ins. Co., 43 Mo. App. 518.

*Leon Block* for respondents.

(1) Instruction No. 3, given on behalf of defendant, was erroneous. It entirely ignores the principle well established in this State, that defendant is liable for the results of an explosion if the fire preceded it. La Force v. Ins. Co., 43 Mo. App. 534; Renshaw v. Ins. Co., 103 Mo. 606; Ibid, 33 Mo. App. 394; Ins. Co. v. Dorsey, 56 Md. 70; Waters v. Ins. Co., 11 Peters (U. S.) 213. (2) This instruction states emphatically that the defendant is not liable for any damage caused by explosion of any kind. Washburn v. Ins. Co., 2 Flippin 664; Wood on Fire Insurance (2 Ed.), sec. 104; Principals of Insurance (Barber), p. 122. The case of La Force v. Ins. Co., 43 Mo. App. 518, is express authority for our contention in this regard. (3) Instruction No. 3, asked by plaintiffs, should have been given. All the damages mentioned therein are covered by a fire policy. 1 Wood on Fire Insurance (2 Ed.), p. 267; Newmark v. Ins. Co., 30 Mo. 160. (4) In case the reasons assigned by the trial court for granting a new trial are not sufficient, this court may inquire whether the order granting a new trial may be upheld on some other ground assigned in the motion therefor. Hoepper v. Hotel Co., 142 Mo. 379; Thiele v. Railway, 140 Mo. 335; Jegglin v. Roeder, 79 Mo. App. 428.

BROADDUS, J.—The plaintiffs sue on a certain fire insurance policy in which one of the conditions was as follows: "This company shall not be liable for loss caused directly or indirectly by explosion of any kind, unless fire ensue, and in that event by fire only."

The fire was alleged to have occurred on the tenth of January, 1900, at plaintiffs' place of business in Kansas City, Missouri; and that plaintiffs' loss on their stock of goods and damages to fixtures amounted to the sum of $700. There was a trial before a jury and plaintiffs recovered in the sum of one dollar, which was set aside by the court upon their motion, from which action of the court in setting aside said verdict the defendant appealed. The defense was, that "an explosion took place in a stove at plaintiffs' place of business, and in a flue with which said stove was connected," which caused plaintiffs' loss, and "that no fire ensued, and that plaintiffs' said property was not damaged by fire."

There was evidence that an explosion occurred in plaintiffs' stove which had the effect of detaching the pipe connecting the stove and the flue; that the pipe was secured by wires, attached to the cornice of the shelving in which plaintiffs had goods; that when the pipe became detached from the flue, its weight pulled down the shelves with the goods to the floor, and that they were injured thereby, and that some boxes of goods were burned and the goods were injured by being thrown about, trampled on, and by other means. And there was some evidence that the soot in the flue had caught fire which might have produced the explosion. The fire was extinguished by a member of the fire department of the city by the use of a Babcock extinguisher.

The plaintiffs assign twelve grounds in their motion for new trial. It was sustained on the ground that the court had committed error in giving instruction No. 3 in behalf of the defendant. Said instruction is as follows: "The court instructs the jury that under the terms of the policy sued on the defendant is not liable

for any damages caused by explosion of any kind unless fire ensue's; and if there was an explosion and fire ensued thereafter, defendant is liable only for the actual damage caused by said fire, and is not liable for any damage caused by said explosion or on account of the fall of any shelving as a result of said explosion.''

No fault can be found with said instruction in view of the conditions of the policy, that the defendant was not to be liable for loss caused directly or indirectly by explosion of any kind unless fire ensues, and in that event only for the fire. The meaning of the instruction and the condition of the policy are synonymous. The defendant contracted against liability caused by explosion, except when fire should ensue; that is, follow as a consequence of the explosion. And it was only to be held liable for damages resulting from fire, which ensued from an explosion; that is, which follows as a consequence of an explosion.

The plaintiffs contend that said instruction is in conflict with the rule found in the case of Renshaw v. Ins. Co., 103 Mo. 606. That is a misapprehension. The language of Judge MACFARLANE, who delivered the opinion of the court, is: ''It being well settled that the loss in the case would be covered by the broad and unconditional terms of the policy, if the explosion was the result of the pre-existing fire, the question is, whether or not the jury was properly instructed on that theory. . . . . The question of fact for the jury was, did a wrongful fire precede and cause the explosion?'' An instruction presenting the precise question to the jury was held to be proper, and that was a case where the provisions of the policy were ''broad and unconditional.''

Other cases cited have been examined and found to the same effect, and others found to be without any application. If the explosion in the case had been preceded by fire, which caused the explosion, the defendant would have been liable for the damages caused by both the fire and the explosion, for the explosion would have been a direct result of the fire, which for that reason came within the terms of the policy. By the terms of

the contract defendant's liability was limited to loss which was the direct result of the fire.

The instruction in question was predicated upon the defendant's theory of the case, that if the fire was the result of an explosion, it would be liable for the fire only and not for the explosion, and we do not think it can be fairly construed to mean, that, if the explosion was the result of a fire, the defendant would not be liable for both. As there was evidence tending to show that the explosion preceded the fire, the instruction was properly given. There appears to have been no instruction asked by, or given for, the plaintiffs to the effect that if the explosion was the result of the fire, then the defendant would be liable for the loss occasioned by both the fire and the explosion. Such an instruction would have presented the plaintiffs' side of the question as it has been in this court, in which event perhaps their verdict would have been greater.

But it is further claimed that notwithstanding there may have been no error on the part of the court in giving said instruction which was the assigned error for granting plaintiff a new trial, yet, if there is to be found some other assigned error in the motion for such new trial though not given as a reason by the court for granting the new trial, it is the duty of the appellate court to uphold the action of the court in so doing, and this is put upon the ground of a correct result. The authorities so held: Hoepper v. Southern Hotel Co., 142 Mo. 378; Thiele v. Citizens' Railway Co., 140 Mo. 335; Jegglin v. Roeder, 79 Mo. App. 428.

One of the plaintiffs' grounds for a new trial was the action of the court in refusing instruction No. 3, offered by them. It reads as follows: "The court instructs the jury, that if you believe that plaintiffs' stock and fixtures were damaged by water or chemicals thrown thereon from a fire extinguisher, or by being trampled upon, or thrown about in efforts to put out the fire, then all such damages are covered by the policy sued on herein." Under the rule announced in the case of Newmark v. Insurance Co., 30 Mo. 160, the defendant

was liable for losses such as are mentioned in said instruction. There it was held: "If a loss by theft be occasioned directly by fire, the insurer was liable, though it happen after the extinguishment of the fire." It is held that, "the general rule embraces all losses by an injury to the goods by water, while endeavoring to ·extinguish the fire, by theft during the progress of the fire while the goods are being, or even after they are removed; by blowing up the building to· stay the progress of a conflagration, or from any cause which is traceable directly to an accidental fire, as injuries from smoke or cinders." Wood on Fire Insurance (2 Ed.), p. 267. It follows, therefore, that said instruction should have been given, and the action of the court in refusing the same would authorize a new trial.

We do not think instruction No. 4, given in behalf of the defendant, is subject to objection, and we see no error in the action of the court in giving it. For the reason given, the action of the trial court in granting plaintiff a new trial is sustained. Affirmed.