GOLDIE WEINER, Appellant, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, December 8, 1924.

Insurance — fire insurance — jewelry was placed in stove by wife of insured for safekeeping — wife inadvertently started fire in stove — insurer is not liable.

An insurance company is not liable for the loss of jewelry by fire where it appears that the wife of the insured placed the jewelry in question in a stove for safekeeping and thereafter inadvertently started a fire in the stove which destroyed the jewelry.

APPEAL by plaintiff from an order of the City Court of the city of New York, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action and from a judgment entered thereon.

*Lesser & Lesser [Bruce Ellison* of counsel], for the appellant.

*Solomon J. Rosenblum [Meyer Strunsky* of counsel], for the respondent.

Per Curiam:

The complaint was held to be bad upon its face. The action is by assured against insurer, for recovery, under the policy, for the destruction by fire of plaintiff's jewelry. The peculiar cause of the destruction raises the question of law involved. The plaintiff's wife " for the purpose of safe keeping and protecting　*　*　* [the jewelry] from burglars during her absence from the home, placed the said jewelry [of plaintiff] into a velvet handbag and deposited same in the stove of the household　*　*　* and while the said jewelry　*　*　* was in the stove　*　*　* the wife *　*　* through inadvertence caused a fire to be made in the said stove." We are of the opinion that the decision below was correct. Of course, mere negligence would not bar recovery. Nor would willful incendiarism by some · one other than the assured, and without · his consent. Upon principle and authority, recovery may be had for loss caused by the spread of fire, or the result of heat, from a stove or fireplace. We are not required to pass upon what may, possibly, be the difficult question whether recovery could be had for the loss of something that fell, or was blown, into a stove or fireplace. We are of the opinion, however, that, as matter of common sense and human experience, it must be held that unless a fire policy expressly includes such a clause, the parties to the policy cannot be said to have contemplated a loss by flame or heat wholly confined to a stove used by the assured as a stove, where, as here, the property destroyed was *placed* in the stove, regardless of how or why it was so placed.

Judgment and order affirmed, with costs, with leave to appellant to appeal to the Appellate Division.

All concur; present, Guy, Bijur and Mullan, JJ.