RELIANCE INSURANCE COMPANY v. W. W. NAMAN.

No. 4979. Decided May 23, 1928.
(6 S. W., 2d Series, 743.)

*Thompson, Knight, Baker & Harris* and *Geo. S. Wright,* for appellant, cited:

American Towing Co. v. German Fire Ins. Co., 74 Md., 25, 21 Atl., 553; Austin v. Drew, 4 Campb., 361; Cabell v. Milwaukee Mechanics' Ins. Co., 260 S. W., 490; Cannon v. Phoenix Ins. Co., 110 Ga., 563, 35 S. E., 775; Collins v. Delaware Ins. Co., 9 Pa. Sup. Ct., 576; Countess Fitz-James v. The Union Fire Ins. Co., of Paris, 23 Irish Law Times & Solicitor's Journal, March 30, 1889, P. 169; Fitzgerald v. German-American Ins. Co., 62 N. Y. Supp., 824; Gibbons v. German Ins. & Sav. Inst., 30 Ill. App., 263; Hanson v. LeMars Mut. Ins. Assn., 186 N. W., 468; Joyce on Ins., 2796; Lavitt v. Hartford C. M. F. Ins. Co., 136 Atl., 572; O'Connor v. Queen Ins. Co., 140 Wis., 388; Pappadakis v. Netherlands F. & L. Ins. Co., 242 Pac. 641; Samuels v. Continental Ins. Co., 2 Pa. Dist. R., 397; Way v. Abington Mut. F. Ins. Co., 43 N. E., 1032; Weiner v. St. Paul F. & M. Ins. Co., 207 N. Y. Supp., 279, 210 Id., 935.

*John P. Alexander, Harry Jones,* and *Spell, Naman & Penland,* for appellee.

In our opinion the case of Austin v. Drew announces the true friendly fire doctrine, but from a reading of the case of Scripture v. Lowell, 57 Am. Dec., 111, it will be seen that the friendly fire doctrine as applied in that case is not applicable to the present case.

In the case at bar, the Insurance Company insured the defendant in error against all direct loss or damage by fire to the property while located on the premises in question, except as set out in the policy. The property was destroyed by fire while on the premises. The Company used 113 lines in the policy giving the exceptions under which the Company would not be liable. The fire in question does not come within any of these exceptions. Having undertaken to set out the exceptions under which the company would not be liable, it is presumed that all exceptions applicable were set out and the Court should not imply any other exceptions. The rule is

that when the grounds for a forfeiture are specified in a contract, a forfeiture cannot be had on other grounds. Grubbs v. McAfee, 109 Texas, 527; 212 S. W., 464; Jacobs v. Robinson, 241 S. W., 241; Bryson v. Mid-Kansas Oil Co., 297 S. W., 1045. See discussion of exact question in Section 5 of the last case on page 1049. See also 26 C. J., 346; May on Ins., Sec. 402; Ins. Co. v. Transportation Co., 20 U. S. L. Ed., 378; Bouchard v. Ins. Co., 96 Atl. (Maine), 244.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

This cause is before us upon the following certificate from the Tenth District:

"This suit was filed by appellee against appellant to recover damages to certain jewelry caused by fire. It was alleged that said jewelry was insured under a policy issued by appellant to appellee, and while said policy was in full force and effect said jewelry was damaged by fire, and that appellant was legally liable for such damage. The appellant answered that the fire which damaged said jewelry was not such a fire as was contemplated by the policy and that there was no liability for said loss or damage by fire, for the reason that a servant of the assured placed the jewelry, together with inflammable substances, in a furnace located in the assured's residence, and that a fire which was purposely built in said furnace caused the loss and damage to said jewelry; that said furnace was constructed for containing fires therein built; that the fire which damaged the jewelry was contained solely within said furnace and that said damage was not one covered by the policy of insurance. The case was tried before the court without a jury upon an agreed statement of facts. The court rendered judgment against appellant for $2584.15, the same being the agreed damage to said jewelry, together with six per cent interest on same from June 3rd, 1926. Appellant duly perfected its appeal to this court and said cause has been submitted to this court and is now under consideration.

"The question herein involved is one of law only, and is a question of very great importance in the law of insurance, and the members of this court are very much in doubt as to how said question of law should be decided. The material parts of the agreed statement on which the cause was tried in the trial court are as follows: On January 19th, 1926, the wife of appellee placed the jewelry which was ordinarily used by her, in a paper hatbox in a clothes closet of said dwelling house described in said policy; that in said box there

was some tissue paper; that the purpose of appellee's wife in placing said jewelry in said hatbox was for safekeeping as a hiding place against burglars; that said jewelry remained in said hatbox, with the intention of appellee's wife of using the same from time to time, until January 23rd, 1926, on which date one of the servants employed in said dwelling house by appellee, while cleaning house, discovered the hatbox in question, and not knowing it contained the jewelry in question or anything else of value, but thinking the same contained only waste matter, handed said hatbox to another servant who worked in the house, and directed her to throw it in the furnace in the basement as trash, and the servant who took said box, believing that it contained only waste paper or trash, threw it, with all of its contents, including said jewelry, into said furnace of said dwelling house; that said furnace was used in heating said dwelling, and at the time said box was thrown into said furnace it contained sufficient fire to ignite and did ignite and destroy said box and damage the jewelry contained in said box to the amount of $2500.00; that at the time said box was thrown into said furnace neither of said servants knew that it contained said jewelry, or anything else of value; that the fire in the furnace, in its usual place and of a usual volume for heating purposes, damaged said articles while in said furnace in the sum of $2500.00; that at the time of said damage said jewelry was covered by the policy sued upon. Notice of said loss was duly given and appellant denied liability on June 3rd, 1926. In the trial court, as above stated, appellee recovered $2500.00, the agreed damage to said jewelry, together with six per cent interest on same to June 3rd, 1926, the date on which appellant denied liability, making a total of $2584.15.

"The cause is presented to this court upon one proposition as follows:

"Where a servant of the assured under a policy of fire insurance inadvertently placed jewelry in a furnace fire for heating the residence of the assured, and said jewlery was destroyed or damaged by a fire wholly confined to such furnace, such damage was due to a friendly fire, for which the insurance company is not liable.

"This proposition of law was the only one urged in the trial in the court below. The court overruled the same and rendered judgment for appellee. This is the only question involved in this case. There is only one case in the United States that we have found or that is cited by either side that is at all similar in its facts, to-wit, the case of Weiner v. St. Paul Fire & Marine Ins. Co., 207 N. Y.

S., 279. However, we think this case was poorly considered and of little value as authority, and, we think, is distinguishable from the case before this court. The only other case, which we think is nearer in point in its facts, is a French decision, copied in 23 Irish Law Times & Solicitors' Journal, March 30, 1889, page 169, styled Countess Fitz-James v. The Union Fire Insurance Company of Paris. Both of these cases are referred to in the briefs of both parties and copied in full in appellant's brief. Many cases are cited both by appellee and appellant, but none similar to the case at bar. The policy made the basis of this suit insured appellee "against all direct loss or damage by fire," with certain specified exceptions, but none of said exceptions cover the circumstances under which this fire occurred. We refer to and make a part of this certificate the agreed statement of facts, which includes the policy on which the suit was based. By reason of the importance of the question of law involved, and because of the grave doubt among the members of this court as to how said question should be decided, we certified to the Supreme Court for its determination upon the agreed statement accompanying this certificate, the following question:

### "First Question.

"Did the trial court err in holding that the appellant was liable for the damage to said jewelry?"

The policy having insured the appellee "against all direct loss or damage by fire," it becomes important to determine whether or not the loss in this case has been sustained by "fire" within the meaning of that contract. It is uniformly held that the loss must be by a hostile fire, that is, one which becomes uncontrollable or breaks out from where it was intended to be, and becomes a hostile element. Weiner v. St. Paul etc. Co., 124 Misc., 153, 207 N. Y. Supp., 279; Cannon v. Phoenix Ins. Co., 110 Ga., 563, 78 Am. St., 124, 35 S. E., 775; O'Connor v. Queen Ins. Co., 140 Wis., 388, 25 L. R. A. (N. S.) 501, 133 Am. St., 1081, 17 Ann. Cas., 1118, 122 N. W., 1038. And such fire must be the proximate cause of the loss. California etc. Co. v. Union Compress Co. (U. S.), 33 L. Ed., 730; 26 C. J., p. 340, Sec. 430.

The case of Weiner v. St. Paul etc. Co., *supra,* is more nearly like this case than any to which we have been cited or have found. There the plaintiff's wife, for the purpose of safekeeping, placed her jewelry in a velvet handbag and deposited it in the stove of the household. While the jewelry was in the stove she inadvertently

caused a fire to be made in the stove and the jewelry was damaged. In holding there was no liability, the Supreme Court of New York (a trial court in that State) said:

"We are of the opinion that the decision below was correct. Of course, mere negligence would not bar recovery, nor would wilful incendiarism by someone other than the assured and without his consent. Upon principle and authority, recovery may be had for loss caused by the spread of fire, or the result of heat from stove or fire-place. We are not required to pass upon what may possibly be the difficult question of whether recovery could be had for the loss for something that fell or was blown into a stove or fire-place. We are of the opinion, however, that as a matter of common sense and human experience, it must be held that unless a fire policy includes such a cause the parties to the policy cannot be said to have contemplated a loss by flame or heat wholly confined to a stove used by the assured as a stove, where, as here, the property destroyed was placed in the stove regardless of how or why it was so placed."

The case was affirmed by the appellate division. 210 N. Y. Supp., 935.

Countess Fitz-James v. Union etc. Co. cited in the certificate holds to the contrary, but its reasoning does not commend the decision to us, and it is not in line with the overwhelming weight of the authorities.

Where the fire which occasions the damage is confined to the usual and ordinary place such as the range, grate, or furnace, it is usually denominated a friendly fire, and as such not a fugitive one within the contemplation of the contract of insurance. Weiner v. St. Paul etc. Co., 214 App. Div., 784, 207 N. Y. S., 279, 210 N. Y. S., 935; Austin v. Drew, 4 Camp., 361; Cannon v. Phoenix etc. Co., 110 Ga., 563, 78 Am. St., 124, 35 S. E., 775; Gibbons v. German etc. Co., 30 Ill. App., 263; Fitzgerald v. German etc. Co., 30 Misc., 72, 62 N. Y. S., 824; Samuels v. Continental etc. Co., 2 Pa. Dist. R., 397; American etc. Co. v. German etc. Co., 74 Md., 25, 21 Atl., 553; O'Connor v. Queen etc. Co., 140 Wis., 388, 122 N. W., 1038; Wood, Ins. 2d Ed., Sec. 103; May Ins., p. 929. For it is of course contemplated always that the owner will have fire in those places.

Where a loss does come within the contract, the recovery is not dependent upon consumption, or even actual ignition, for a direct loss may otherwise result. The damage may be caused by smoke and soot (Collins v. Delaware Ins. Co., 9 Pa. Super. Ct., 576; O'Connor v. Queen Ins. Co., 140 Wis., 388, 122 N. W., 1038) ; by heat

(Cannon v. Phoenix etc. Co., 110 Ga., 563, 35 S. E., 775); by water (Geisek v. Crescent Mut. Ins. Co., 19 La. Ann., 297; Lewis v. Springfield etc. Co., 10 Gray, 159; Cohn v. National Insurance Co., 96 Mo. App., 315, 70 S. W., 259); by fall of building (Lewis v. Springfield etc. Co. (Mass.) 10 Gray, 159); by explosion (Waters v. Merchants etc. Co., 11 Pet. (U. S.), 213, 9 L. Ed., 691); by theft as a result of the fire (Queen etc. Co. v. Patterson, 73 Fla., 665, 74 So., 807; Tilton v. Hamilton etc. Co., 14 How. Pr., 363; Newmark v. Liverpool etc. Co., 30 Mo., 160), or by any other method directly due to the fire.

The contract of insurance contemplates that the insurer will pay to the insured the damages for all direct loss proximately caused by fire within the meaning of the policy. A friendly fire is not within the undertaking of the insurance company at all. If it were, the company would be liable, as in a case of unfriendly fire, for all direct loss or damage irrespective of destruction or of actual ignition and the fact that in this case there was an actual consumption of the insured property is of no importance in determining the liability of the insurance company. If the fire in the furnace was such a fire as the company insured against, then it would be liable for any direct loss or damage therefrom, and it would follow the insured could recover his damage for loss occasioned by the cracking of the plaster in the furnace basement from the heat of the furnace, for the cracking of the paper on the walls from the heat of the grate, and for damage to the decoration and draperies through smoke and soot from the furnace or chimney place, and even for the replacement of furnace, grate and range oven when burned out, for these clearly would be losses directly due to the respective fires. These are not extreme illustrations, but liability in each instance would follow if the fire in this case be held to be within the policy. In the sense in which the word "fire" is used in the policy, there has been no fire so long as it is kept within the proper and accustomed place. In common parlance one has not had "a fire" so long as it has only burned in the place where it was intended to burn, and the sense in which that word is used in common parlance accurately indicates the sense in which it is employed in a fire insurance policy.

The point is made by appellee that there are numerous exceptions to the liability of the insurance company printed in the policy and the argument follows that this loss not falling within one of the exceptions is therefore within the contract. This by no means follows. In the very nature of an exception it is something taken out

of the instrument, whether statute, grant or contract, and is of a kind dealt with in the instrument. Where the matter being considered is not within the contemplation of the parties to the contract in the first place, there is no need of an exception, and since as we think the fire in this case was without the contract of insurance, the failure to except it can not bring it within.

We recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.