HARTER *v.* PHŒNIX INSURANCE CO.

INSURANCE—FIRE INSURANCE—FRIENDLY FIRE.
    Loss of articles placed, either inadvertently or purposely, in friendly fire, is not compensable under policy against loss by fire, and it was unnecessary to word policy so as to cover such contingency. POTTER and NORTH, JJ., dissenting.

Appeal from St. Joseph; Brown (William B.), J., presiding. Submitted October 7, 1931. (Docket No. 45, Calendar No. 35,905.) Decided March 2, 1932.

Assumpsit by Evan C. Harter and another against Phœnix Insurance Company of Hartford, Connecticut, a foreign corporation, for loss sustained alleged to be covered by a fire insurance policy. Declaration dismissed. Plaintiffs appeal. Affirmed.

*Howard, Kimball & Howard,* for plaintiffs.

*Smith & Searl,* for defendant.

Potter, J. (*dissenting*).   Plaintiffs sued defendant on an insurance policy issued by it to plaintiffs in the amount of $3,500 insuring plaintiffs' household goods, including jewelry, against all direct loss and damage by fire.   During the time the policy was in force, plaintiffs' household servant picked up an envelope containing two rings from a desk in plaintiffs' house, and, not realizing the envelope contained rings, put it in a waste paper basket and later put the contents of the waste paper basket including the rings, in the furnace, where, when a fire was built, they were seriously damaged.   There was judgment directed for defendant and plaintiffs appeal.   Plaintiffs claim defendant is liable under the terms of the policy.   Defendant denies liability on the ground the policy does not cover loss or damage occasioned as was plaintiffs'.   A contract of insurance is one of indemnity against loss by fire.   *Brady* v. *The Northwestern Ins. Co.,* 11 Mich. 425.

"The fair and reasonable interpretation of a policy of insurance against loss by fire, will include within the obligation of the insurer, every loss which necessarily follows from the occurrence of the fire, to the amount of the actual injury to the subject of the risk, whenever that injury arises directly and immediately from the peril, or necessarily from incidental and surrounding circumstances, the operation

and influence of which could not be avoided.'' *Brady* v. *The Northwestern Ins. Co., supra.*

Courts cannot remake the contract between the parties. Insurance policies, whether regarded as restrictions and conditions imposed upon insurance companies in doing business, or as contracts between the insured and the insurer, are construed most favorably to the insured, because such contracts are usually framed by the insurer and the insured is compelled to accept the policy offered in order to procure insurance at all. Ordinarily, the insurer is held liable for loss or damage by fire even though plaintiffs' negligence or the negligence of plaintiffs' servants was the proximate cause of the damage by fire.

''If a loss by fire is occasioned by the mere fault, carelessness, or negligence of assured or his servants or agents, such negligence, carelessness or want of due care is no defense, unless there is fraud or design or gross negligence or misconduct of such a kind and degree as to clearly evidence a corrupt design or fraudulent purpose on the part of the assured, or someone acting with his privity or consent.'' Joyne on Insurance, § 2840, and cases cited.

There is no claim of corrupt conduct, fraudulent design, or wilful intent to wrongfully collect upon the policy on the part of plaintiffs. The loss involved was occasioned by direct action of the fire. It was not like the scorched sugar case of *Austin* v. *Drewe,* 6 Taunt. 436 (128 Eng. Repr. 1104), where there was no ignition of the sugar. That case is analogous to seeking to hold an insurance company liable for damage to beans burned while baking in an oven, and has no application to the facts here involved. If the rings in question had been placed on a mantel over an open grate in which there was a

fire and had been blown into the grate by a gust of wind or had fallen into the open fire and been injured, the New York court indicates it might be a close question whether recovery could be had for the loss. *Weiner* v. *St. Paul Fire Ins. Co.*, 124 Misc. Rep. 153 (207 N. Y. Supp. 279). In *Countess Fitz-James* v. *The Union Fire Ins. Co.*, 23 Irish Law Times & Solicitors' Jl., p. 168, the Countess Fitz-James insured against fire in the above company all her furniture and effects, among which were mentioned jewelry and especially a pair of earrings composed of pearls valued at 18,000 francs. During the time the policy was in force one of those earrings which had been placed on the mantel piece was accidently knocked down and fell into the fire, where it was consumed, notwithstanding every effort made to save the jewel. The insurance company refused to pay for the burnt pearl on the ground there was no conflagration; that the fire which consumed the object was an ordinary fire; that there was no fire, and that the company was not responsible where combustion had only occurred in the ordinary use of a grate for heating purposes. The court, however, rejected this, and ruled that the word "fire" in matters of assurance applied to every accident however unimportant such accident may be, so long as it is caused by the action of fire. It was therefore ordered that the Union Company should pay to the Countess Fitz-James the value of the jewel, less that of the gold recovered.

The policy of defendant issued to plaintiffs is general in its terms. It contains no limitations and exceptions applicable to the facts herein. It insures plaintiffs' jewelry without exception against all direct loss and damage by fire. There being no limita-

tions or exceptions in the language of the policy, we can make none. The loss falls directly within the language of the policy. If the defendant would escape liability it should by appropriate language exclude such liability by the terms of its contract. We think plaintiffs entitled to recover. Judgment should be reversed, with costs. New trial ordered.

NORTH, J., concurred with POTTER, J.

BUTZEL, J. A loss of articles placed, either inadvertently or purposely, in a friendly fire, is not compensable under a policy against loss by fire, and it was unnecessary to word a policy so as to cover such contingency.

In *Reliance Insurance Co.* v. *Naman,* 118 Tex. 21 (6 S. W. [2d] 743), recovery was denied for a loss of jewelry, placed for safe-keeping in a paper hat box, which was inadvertently thrown into the furnace. The court stated:

"A friendly fire is not within the undertaking of the insurance company at all. If it were, the company would be liable, as in a case of unfriendly fire, for all direct loss or damage irrespective of destruction or of actual ignition and the fact that in this case there was an actual consumption of the insured property is of no importance in determining the liability of the insurance company. * * * In the sense in which the word 'fire' is used in the policy, there has been no fire so long as it is kept within the proper and accustomed place. In common parlance, one has not had 'a fire' so long as it has only burned in the place where it was intended to burn, and the sense in which that word is used in common parlance accurately indicates the sense in which it is employed in a fire insurance policy."

In *Weiner* v. *Insurance Co.,* 124 Misc. Rep. 153 (207 N. Y. Supp. 279), (affirmed, without opinion, in 214 App. Div. 784 [210 N. Y. Supp. 935]), recovery was denied for loss of jewelry placed in a stove for safe keeping, and injured therein by fire inadvertently started.

The judgment of the lower court is affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, FEAD, and WIEST, JJ., concurred with BUTZEL, J.