## McClure v. Home Insurance Co.

*Bloom, Bloom & Yard,* for plaintiffs.
*Stephen D. Marriner,* for defendant.

CUMMINS, J., September 26, 1956.—This matter comes before us on preliminary objection in the nature of a motion for judgment to plaintiff's complaint in assumpsit.

In paragraph 5 of the complaint plaintiff alleged as follows:

"On or about Thursday, January 3, 1956, the plaintiff's 14-carat white gold engagement ring of the value of Five Hundred Fifty ($550.00) Dollars and the plaintiff's 14-carat white gold wedding band of the value of One Hundred Fifty ($150.00) Dollars were accidently destroyed by fire in the furnace of the plaintiff's home, as covered in the aforesaid policy."

It is apparent from the reading of the above paragraph that the loss was occasioned by a fire contained in the place where the fire belonged or where it is usually found.

Pennsylvania has recognized, as most of the States, that there is a distinction between a "hostile" and a "friendly" fire. A friendly fire has been defined as being a fire lighted and contained in the usual place for a fire, such as a furnace, stove, incinerator and the like and used for purposes of heating, cooking, manufacture and other common, usual and everyday purposes.

The courts have said that it cannot be denied that in common parlance and everyday usage one has not "had a fire" so long as it is apparent only in the place where it was intended to burn and where fire ordinarily is maintained.

Pennsylvania recognizes the generally accepted rule that no liability exists where the loss is occasioned by a friendly fire. See Mitchell v. Globe & Republic Insurance Co., 150 Pa. Superior Ct. 531, where the distinction between friendly and hostile fires is recognized in the opinion of Keller, P. J., for the court.

There is no Pennsylvania case on precisely the same facts as appearing in our case, but the problem was met in the case of Mode, Ltd., v. Fireman's Fund In-

surance Co., decided by the Idaho Supreme Court, 62 Idaho 270, 110 P. 2d 840, in which plaintiff brought the action to recover for loss sustained because of the burning of antique jewelry in an incinerator. The court held that as such loss was occasioned by a friendly fire, there could be no recovery and in support of that conclusion said, page 275:

"The word 'fire' as used in fire insurance policies in common parlance has a well-understood meaning of a 'hostile fire'. In Watson v. American Col. Ins. Co., (S. C.), 183 S. E. 692, the Court emphasizes such fact in the following language:

" 'In common parlance one has not had "a fire" so long as it has only burned in the place where it was intended to burn, and the sense in which that word is used in common parlance accurately indicates the sense in which it is employed in a fire insurance policy.'

"In *Reliance Insurance Co. v. Naman* (Tex.), 6 S. W. (2d) 734, it was held:

" 'Where a servant of the assured under a policy of insurance inadvertently placed jewelry in a furnace fire for heating the residence of the assured, and said jewelry was destroyed or damaged by fire wholly confined to such furnace, such damage was due to a friendly fire, for which the insurance company is not liable. . . . Where the fire which occasioned the damage is confined to the usual and ordinary place, such as . . . furnace, it is usually denominated a friendly fire, and as such not a fugitive one within the contemplation of the contract of insurance. . . . In the sense in which the word "fire" is used in the policy, there has been no fire so long as it is kept within the proper and accustomed place. In common parlance one has not had "a fire" so long as it has only burned in the place

where it was intended to burn, and the sense in which that word is used in common parlance accurately indicates the sense in which it is employed in a fire insurance policy.'

"In *Harter v. Proenix Insurance Company* (Mich.), 241 N. W. 196, the court held:

" 'A loss of articles placed, either inadvertently or purposely, in a friendly fire, is not compensable under a policy against loss by fire, and it was unnecessary to word the policy so as to cover such contingency.' "

The case last mentioned also cites a large number of cases where the courts have distinguished between friendly and hostile fires as bearing on the meaning of the words "loss by fire" contained in standard policies of insurance.

In the case of Youse v. Employers Fire Insurance Co., 172 Kan. 111, the situation was that the insured's wife was carrying her ring wrapped in a handkerchief in her purse. On arriving home she placed the handkerchief, together with some paper cleansing tissue, on the dresser in her bedroom. Later her maid, in cleaning the room, inadvertently picked up the handkerchief containing the ring, together with the cleansing tissues, and threw them into the wastebasket. Still later another servant emptied the contents of the wastebasket, along with other trash, into a trash burner at the rear of the premises and proceeded to burn the trash so deposited. The trash burner was intended for that purpose, the fire was intentionally lighted by the servant, and the fire was confined to the trash burner. As a result the ring was damaged and then recovery was sought under a policy carried by plaintiff. Recovery was denied upon the ground that the loss was occasioned by a "friendly" fire.

To the same effect are the following cases:

Reliance Insurance Co. v. Naman, 118 Texas 21, 6 S. W. 2d 743, where a servant, without knowledge of the contents, threw a box containing jewelry into a furnace fire.

Harter v. Phoenix Insurance Co., 257 Mich. 163, 241 N. W. 196, 197, in which a servant picked up an envelope containing two rings from a desk and, not realizing the envelope contained rings, put it in a wastebasket and later put the contents of the wastebasket, including the rings, in the furnace where, when a fire was built, the rings were seriously damaged.

It is not specifically alleged in plaintiff's complaint just how plaintiff's personal property happened to get into the furnace, but it is set forth in plaintiff's brief and it was brought out at the argument of the case before the court en banc that the rings were accidently destroyed when they were thrown into the fire in the furnace along with material to be burned as trash. From this statement alone which would be part of plaintiff's case if they were permitted to go to trial, we fail to see how they could recover on the policy of insurance.

Applying the legal principles in the above cases cited to the allegations set forth in paragraph 5 of plaintiff's complaint, we can only conclude that the complaint filed by plaintiff fails to state a cause of action against defendant and fails to state a cause of action in which liability exists under the terms and conditions of the policy of insurance.

In consideration of the above, we make the following:

## *Order*

And now, September 26, 1956, the preliminary objections filed by defendant are hereby sustained and judgment is entered in favor of defendant.