PATRICK H. FITZGERALD, Respondent, *v.* THE GERMAN-AMERICAN INSURANCE CO., Appellant.

(County Court, Oneida County, December, 1899.)

**Fire insurance — Damages by smoke from a lamp not recoverable.**

Under a policy insuring office furniture against loss or damage by fire, there can be no recovery for damages to curtains etc. which re-sulted from smoke emitted by a lighted lamp, which did not explode, nor cause any fire exterior to itself.

APPEAL from a judgment recovered by plaintiff against defend-ant on the 9th day of May, 1899, for twelve dollars damages and two dollars and seventy-five cents costs before G. L. Traffern, a justice of the peace of the town of Camden.

George F. Morss, for appellant.

P. H. Fitzgerald, respondent in person.

DUNMORE, J.   This was an action upon a fire insurance policy dated October 3, 1898, whereby the defendant insured the plaintiff to the amount of $600 against loss or damage by fire or lightning except as thereinafter provided, on his office furniture, stove and pipe, iron safe, bookcases, desks, tables, typewriter, maps, printed books, pamphlets, law blanks, etc.   No reservations were contained in the policy affecting the questions here.   It appeared upon the trial that all the damage was caused by smoke from a lamp left lighted in plaintiff's office.   There was no explosion and no fire outside of the lamp itself.   Plaintiff's window curtains were destroyed by the smoke from the lamp and he sustained other smoke damages, but nothing was in fact burned.   Defendant contends that the fire in question was not such a fire as was contemplated by the policy and the damages were not covered by the policy.

In Wood on Fire Insurance, section 103, it is said that " Where fire is employed as an agent, either for the ordinary purposes of heating the building, for the purposes of manufacture, or as an instrument of art, the insurer is not liable for the consequences thereof, so long as the fire itself is confined within the limit of the agencies employed, as from the effects of smoke or heat evolved thereby, or escaping therefrom, from any cause  whether intentional or accidental.   In order to bring such consequences within the risk, there must be actual ignition outside of the agencies employed, not purposely caused by the assured, and these, as a consequence of such ignition, *dehors* the agencies."

In Austin v. Drew, 4 Camp. 361, the plaintiff was the owner of a sugar manufactory, seven or eight stories high.   On the ground floor were pans for boiling the sugar, and a stove to heat them.   A chimney extended to the top of the building, and registers were inserted therein upon each floor, with an *aperture* into the rooms to introduce heat as desired.   The upper floors were used for drying the sugar.   By the neglect of a servant to open the register when the fire was started, smoke, sparks and heat from the stove were entirely intercepted and forced into the rooms where the sugar was drying.   From the combined effects of smoke, sparks and heat, the sugar was damaged to the extent of several thousand pounds.   The flames were confined within the stove and flue and no actual ignition took place outside thereof.   It was held that the loss was not covered by the policy.   The court said:  " This is not a fire within

the meaning of the policy, nor a loss for which the company undertakes.    They might as well be sued for the damage done to drawing-room furniture by a smoky chimney."

Briggs v. N. A. & M. Ins. Co., 53 N. Y. 446, was an action upon an insurance policy upon plaintiff's property, certain machinery, etc., which policy contained this provision:    " This company shall not be liable for loss caused by invasion, insurrection, riot, civil commotion, military or usurped power, nor for loss caused by lightning or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only."    Plaintiffs were engaged in the business of rectifying spirits when the policy was issued to them. There was a small lamp standing in the building, brought there by persons repairing the machinery.    The vapor from the works, which had not condensed, but had passed off into the building, filled the room where the burning lamp was standing and when it came in contact there was an instantaneous explosion.    The explosion blew off the roof and blew down the chief part of the walls of the building and greatly injured the machinery insured.    Soon after the explosion a fire ensued from the flame coming in contact with the spirits in the rear of the building.    The damage by the fire that ensued after the explosion was slight, compared to that caused by the explosion.    The jury found the damages caused by each separately.    Plaintiffs contended that an explosion caused by fire was a fire, and that, therefore, the defendant was liable for the explosion as for a fire.    The court held that defendant was not liable for the damages caused by the explosion.    The court said:    " There was no fire prior to this explosion.    *The burning lamp was not a fire within the policy.*"

Babcock v. Montgomery Co. M. Ins. Co., 4 N. Y. 326, was an action upon an insurance policy which provided that the defendant company would be liable for *" fire by lightning."*    Plaintiff's house was demolished by lightning but no fire ensued.    Plaintiff contended that lightning itself was fire, and that, consequently, the house was destroyed by fire.    The court held that defendant was not liable.

My attention has not been called to any case where the courts have held than an insurance company was liable for the damages caused by a smoking lamp or from a smoking chimney or stove. The rule seems to be that where the insured employs fire for economic or scientific purposes and the fire is confined to the

agencies so employed and damage ensues without any actual igni-
tion to the property insured, the insurance company is not liable.
While the case above cited may be distinguished from the case at
bar, yet in principle they are in point.    I do not think the parties
to the contract of insurance contemplated that the policy would
cover damages arising from a smoking lamp.    I do not think a
lighted lamp is a " fire " within the meaning of this insurance
policy.    The judgment must, therefore, be reversed, with costs.

Judgment reversed, with costs.