**CITY OF NEW YORK INS. CO. v. GUGENHEIM. (No. 693.)**

Court of Civil Appeals of Texas. Waco.
July 14, 1928.

Insurance ⊜421—Fire escaping into furnace compartment intended for air space only held "hostile fire," allowing recovery for damage by smoke and soot.

In action to recover on fire policy, where fire causing damage entered and burned in furnace compartment intended for air only, held that such fire was hostile, and damages resulting from smoke and soot could be recovered for within rule that fire policy covers all damage caused by a hostile fire; a "hostile fire" being "one which becomes uncontrollable or breaks out from where it was intended to be and becomes a hostile element."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Hostile Fire.]

Error from McLennan County Court; Kyle Vick, Judge.

Action by A. D. Gugenheim against the City of New York Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, and Pinkney Grissom, all of Dallas, for plaintiff in error.

Spell, Naman & Penland, of Waco, for defendant in error.

BARCUS, J. Defendant in error instituted this suit, seeking to recover from plaintiff in error damages which he claimed to have suffered to his home by reason of a fire. There was no controversy about the policies of insurance being issued, the fact that defendant in error had suffered damages, or the

amount thereof; plaintiff in error's sole contentions being that the fire which caused the damage was a "friendly" fire, and, further, that there was no actual burning, but that the only damage was from smoke and soot. Defendant in error's home was equipped with an oil-burning furnace, which was so arranged it had two compartments. The inner compartment contained the fire and the outer one the air; there being a galvanized iron jacket which held the fire, and on the outside thereof was the compartment which contained the air. The fire in the inner compartment would heat the air in the outside compartment, and the air would then rise and go through the building and thereby heat the house. There was no way for the fire or smoke to get from the fire compartment into the air compartment so long as the furnace was in good repair. The smoke and soot from the fire compartment went out through the smoke vent. It appears that in some way a leak developed whereby oil flowed into the air compartment, and, when the fire in the furnace became hot enough to heat the air sufficiently in the air compartment, it caused the oil which had escaped into the air compartment to ignite, and the smoke and soot from the oil burning in the air compartment went through the air vents into the house and damaged the furniture, fixtures, and walls to the amount agreed upon.

The overwhelming weight of the authorities is that a fire insurance policy covers all damages caused by a hostile fire—that is, one which becomes uncontrollable or breaks out from where it was intended to be and becomes a hostile element—and, where there is such a fire, recovery may be had for resulting losses or damage in regard to which there has been no actual ignition, such as a loss or damage caused by smoke or soot or by heat. 26 C. J. 340, and authorities there cited. In Way v. Abington Mutual Fire Ins. Co., 166 Mass. 67, 43 N. E. 1032, 32 L. R. A. 608, 55 Am. St. Rep. 379, it was held that, where a fire in a chimney caused by the accidental ignition of soot damaged the insured property, it was a hostile fire. In Pappadakis v. Netherlands Fire & Life Ins. Co., 137 Wash. 430, 242 P. 641, 49 A. L. R. 402, it was held by the Supreme Court of Washington that, where a fire escaped through a crack in an oven and heated a sprinkler head, which caused the water pipe to be released, which in turn caused the damage, it was a hostile fire. In Cabbell v. Milwaukee Mechanics' Ins. Co., 218 Mo. App. 31, 260 S. W. 490, it was held that, where an explosion occurred in the furnace and burning coals were thrown out into the basement of the building and smoke and soot were emitted therefrom, same was a hostile fire. The distinction between a hostile and a friendly fire is discussed and clearly pointed out in volume 6, Cooley's Briefs on Insurance, pp. 4933–4935, and the rule deducible from the authorities seems to be that, where a fire remains within the receptacle or place which was intended, it constitutes a friendly fire, but, where it escapes and burns in a place where same was not intended to burn, it then becomes a hostile fire. The evidence in this case shows that the fire which caused the damage was in the air compartment of the furnace, and that under no condition should there have been a fire therein. While it is true that the air compartment and the fire compartment were each necessary parts of the furnace used to heat the home of defendant in error, same was separate and apart one from the other. So long as the furnace was in proper order, there was no way for the hot air to get into the fire compartment or for the fire to get into the hot air compartment. We think the fire in the hot air compartment was a hostile fire.

The Supreme Court of Texas, in the recent case of Reliance Insurance Co. v. W. W. Naman, 6 S.W.(2d) 743, held that, where the fire which occasions the damage is confined to the usual and ordinary place, such as the range, grate, or furnace, it is usually denominated a friendly fire, and as such not a fugitive one within the contemplation of the contract of insurance, and that the insurance company is not liable for any damage occasioned by a friendly fire. In the same opinion, however, said court held that, where the loss does come within the contract, recovery is not dependent upon consumption or even actual ignition, for a direct loss may otherwise result by smoke and soot or heat.

The fire which occasioned the damage to defendant in error being a hostile fire, the trial court did not err in rendering a judgment against plaintiff in error.

The judgment of the trial court is affirmed.