NATHAN DAVIS and Another, Plaintiffs, *v.* LAW UNION AND ROCK INSURANCE COMPANY, LIMITED, and Others, Defendants.

Municipal Court of New York, Borough of Brooklyn, Seventh District, December 3, 1937.

*Max Schulman*, for the plaintiffs.

*John L. Fletcher*, for the defendants.

KOCH, J. This action was brought to recover on policies of fire insurance for damages caused by an alleged fire in premises of the plaintiff at 772 Vermont street, Brooklyn, N. Y.

According to the testimony at the trial of this action, there was an oil burner operating in the furnace in the basement of said premises, and suddenly flames shot out of the chimney, causing the rooms to become filled with smoke and soot. The fire depart-ment was called, but when firemen arrived they found no flames

or any burning material, but only smoke, and the fire in the furnace evidently had burned itself out. There was some evidence that the flames had scorched some of the wires on the ceiling of the basement, but no evidence whatsoever that any conflagration had occurred outside of the fire in the oil furnace.

The question for determination in this case is whether the damage alleged to have been sustained by the plaintiff was caused from what is known as a hostile fire distinguished from a friendly fire. From an examination of all of the testimony, giving the plaintiff the most favorable interpretation thereof, the damage sustained herein was not one compensative within the terms of the policies of fire insurance. The fire here was what is called a friendly fire. There was at all times only one fire that was kept burning in the place where it was intended to be by the supply of fuel which was constantly running into the furnace. Nothing outside of the furnace was actually ignited, for the testimony showed that nothing was done either by the plaintiff or the firemen to put out any fire outside the furnace, and, in fact, the fire in the furnace itself evidently burned out when the supply of fuel in the furnace pot was exhausted. The flame which the plaintiff testified he saw coming out of the chimney was in effect only an extension of the flame within the furnace, and no second fire resulted from the fire in the furnace itself.

I am, therefore, of the opinion that the damage suffered by the plaintiff was the result of a " friendly fire," as distinguished from a " hostile fire." The court has been unable to find any decisions by the higher courts of this State directly in point, but in *Solomon* v. *United States Fire Ins. Co. of New York* (53 R. I. 154; 165 A. 214) and *Lavitt* v. *Hartford County Mutual Fire Ins. Co.* (105 Conn. 729; 136 A. 572) the facts were practically identical with those in the instant case.

In *Solomon* v. *United States Fire Ins. Co. of New York (supra)*, decided by the Supreme Court of Rhode Island in 1933, the court said (53 R. I. 159): " The damage in the case at bar was caused by one fire which was intentional and within the place where it was intended to be. The fact that this fire was excessive and that flame for a short time was seen to be outside the furnace did not change the nature of the fire. The material consumed and the combustion thereof was not accidental; it was intentional. * * * The flame outside the furnace was merely an extension of the flame within the furnace and was subject to one and the same control. No second fire resulted from the intentional fire."

The complaint is, therefore, dismissed after trial on the merits.