Joseph M. Giambalvo, Plaintiff, *v.* The Phoenix Insurance Company of Hartford, Connecticut, and Home Title Guaranty Company, Defendants.

City Court of New York, Kings County, July 31, 1942

*William S. Butler* [*Myron Wisoff* of counsel], for the plaintiff.

*John L. Fletcher*, for the defendant The Phoenix Insurance Company of Hartford, Connecticut.

No appearance for the defendant Home Title Guaranty Company.

Charles E. Russell, Official Referee. Action upon a policy of fire insurance, standard in form, which derives its force from the consent of the parties and, as such, is subject to general rules of construction. The rule that doubtful terms are to be construed in favor of the insured remains applicable. (26 C. J., 1024–1026.) The modern tendency as to insurers is toward a stricter accountability. (*Hawthorne* v. *Protective Association*, 112 Kan. 356; 210 P. 1086; Pound on Spirit of the Common Law, pp. 185, 186.) It was not controverted but that the plaintiff had an existing policy in good standing covering the premises in question against all direct loss and damage by fire with defendant fire insurance company, and the controversy is as to whether the loss and damage was caused by anything insured against by such defendant company, the question being whether the fire causing the damage was one within the meaning of the policy.

Upon the facts it is found that as a result of a leakage of fuel oil from a coal furnace theretofore converted into an oil heater, a quantity of such oil became ignited and a resulting conflagration ensued around and about the locality of this heater, external to

and beyond the apparatus and intended limits of its confinement and combustion, and that the same constituted a hostile fire within the purview of such policy. Contrary evidence on the part of defendant fire insurance company was neither persuasive nor convincing. Indeed, that testimony relative to there having been a sufficient hole or aperture leading into the fire-box and through which a fire extinguisher might have been inserted was wholly disbelieved. Damage to the oil unit and as a result of ensuing smoke and soot throughout portions of plaintiff's dwelling is claimed.

There is a dearth of decisions of courts of review in New York State applicable to damage resulting from oil burners or heaters as a causative fire element, though same are presently in common use. In *Davis* v. *Law Union & Rock Ins. Co., Ltd.* (166 Misc. 75), a Municipal Court decision, KOCH, J., December 3, 1937, relative to an oil burner fire, defendant cites same herein and claims it to have been later affirmed by the Appellate Term in the Second Department, although no citation or further reference to same is made, nor do I discover any citation relative to same. Quoting from this opinion: " The fire here was what is called a friendly fire. There was at all times only one fire that was kept burning in the place where it was intended to be by the supply of fuel which was constantly running into the furnace. *Nothing outside of the furnace was actually ignited.*" (All italics appearing herein or in subsequent citations are mine.)

In the instant case the facts are otherwise found than as above italicized. A New York decision of relevancy is *Weiner* v. *St. Paul F. & M. Ins. Co.* (124 Misc. 153; affd., 214 App. Div. 784) by the Appellate Term in the First Department, in which was stated: " Upon principle and authority, recovery may be had for loss caused by the spread of fire, or the result of heat, from a stove or fireplace."

In *Fitzgerald* v. *German-American Ins. Co.* (30 Misc. 72) and in *Briggs* v. *North American & M. Ins. Co.* (53 N. Y. 446) it was held that a burning lamp was not a fire for which recovery might be had when no ignition occurred outside the lamp. To the same effect, see *Samuels* v. *Continental Ins. Co.* (2 Pa. Dist. Rep. 397). The earliest reported decision on the subject, still followed and frequently cited, though its logic in some instances appears misunderstood, is the English report of *Austin* v. *Drew* (4 Camp. 361; 171 Eng. Rep. 115), wherein an overheated stove allowed smoke, heat and sparks to escape, *but without producing any fire outside the stove or its connections.* Recovery was denied, not on the mere fact that the fire was a usual or friendly fire, but that *the fire was*

*in its proper place* and all the results were mere incidents thereof, *i. e.*, the proximate cause was the fire in the stove, there being no fire elsewhere. To the same effect see *Cannon v. Phoenix Ins. Co.* (110 Ga. 563; 35 S. E. 775), an oil burner fire.

The opinion in *O'Connor v. Queens Ins. Co.* (140 Wis. 388; 122 N. W. 1038) contains a considerable review of reported decisions on this subject. The majority court allowed recovery resultant upon a non-escaping fire in a furnace, terming same as a " hostile " fire, though the dissenting opinion by MARSHALL, J., seems to accord with the prevailing and majority rule.

It is plaintiff's claim that resultant from this external conflagration the heater-unit or motor was irreparably damaged and portions of his private dwelling suffered injury from dense smoke and heavy soot deposit. The heater-unit is in evidence and demonstrably exhibits the effect of flames and charring. In *Singleton v. Phenix Ins. Co.* (132 N. Y. 298, at p. 304 of opinion): " In this case the charred wood renders it reasonably certain that there was actual burning by flame, or at least it was not so certain that there was no fire that the Circuit was authorized to so decide as a matter of law." The contention by defendant's counsel that before damages may be awarded herein, plaintiff must have distinguished between damage that may have been caused by fire within and that without the combustion chamber, seems puerile, especially so as no damage is claimed based upon fire within the combustion chamber. In *Coryell v. Old Colony Ins. Co.* (118 Neb 312; 229 N. W. 326) recovery was allowed for damage due to smoke, soot and oil on rooms and personal effects resulting from flames escaping from an oil burner. It was held that when proven it was caused from and by fire after it had passed from the place of its intended confinement, the insurance company became liable for such damage, not only that caused by burning, but from soot, oil and smoke as well. The fire, having passed from the place intended, became and was a hostile element until extinguished. (Citing as in point *Cabbell v. Milwaukee Mechanics Ins. Co.*, 218 Mo. App. 31; 260 S. W. 490; also *O'Connor v. Queens Ins. Co.*, *supra;* and *Papadakis v. Netherland Ins. Co.*, 137 Wash. 430; on this see also *American Towing Co. v. German American Ins. Co.*, 74 Md., 25; 21 A. 553; *Way v. Abbington Mutual Fire Ins. Co.*, 166 Mass. 67; 43 N. E. 1032.)

The defendant Home Title Guaranty Company, mortgagee of the involved property, has heretofore defaulted in the action and has signed a stipulation seeking no affirmative relief.

Decision against defendant Phoenix Insurance Company of Hartford, Conn., in the sum of $1,094.40. Judgment accordingly.