Samuel Reckler et al., Copartners Doing Business under the Name of Reckler & Lamazor, Plaintiffs, v. British American Assurance Company et al., Defendants.

City Court of the City of New York, Trial Term, New York County, January 3, 1949.

*Bernard Graber* and *Morris H. Horowitz* for plaintiffs.

*John L. Fletcher* for defendants.

McCullen, J. This cause was tried before the court and a jury and resulted in a verdict for the plaintiffs for $2,860. Upon motion by the defendants that the verdict be set aside, the decision was reserved. The plaintiffs are merchants engaged in the processing of furs with a place of business at 249 West 29th Street, borough of Manhattan, city of New York. The defendants are insurance companies with which the plaintiffs carried insurance for fire loss under the standard form of policies. The testimony for the plaintiffs showed that on the morning of August 6, 1948, when some of the plaintiffs' employees arrived at the premises of the plaintiffs' business to start work, they found the workroom full of smoke, a gas heater steamer which was part of the equipment of the business was red hot, and an end of a worktable near the gas heater steamer had flames on it. They stated the flames were extinguished by some few pails of water. It was further testified that they

found the so-called gas heater steamer, which was used in the business of the plaintiffs to generate steam for one element of the fur processing, had been inadvertently left on all night and was at the time of discovery in a very hot and red condition. There is no testimony of flames other than at the end of the table referred to. Considerable testimony was had concerning the structure and operation of the gas heater steamer. Briefly, the ignited gas flame is at the bottom and heats water in the steamer and, as a result, live steam is provided. The steamer is provided with safety devices.

The jury was instructed, among other elements, on the law of the contract and on fires, hostile and friendly, and returned their verdict for the plaintiffs.

The fire on the worktable, if there really was one, must have been a trivial one. The evidence so indicates the situation. The allegations of damage are not for the table but for such to furs.

The question before us concerns itself with what in law is referred to as " friendly fires " and " hostile fires." That is a strange notion, as I look upon it, to the average lay person. To that person a fire is a fire and that is all there is to it. There is nothing in the standard form of policy which denominates a friendly or a hostile fire. Those terms and what they mean come to us from our courts and our text writers. For instance, Couch on Insurance at section 1201 states: " One test which runs through a great many cases is whether the fire is a ' hostile,' or a ' friendly,' one, the general rule being that fire policies extend protection only against loss from ' hostile ' fires and do not cover loss from so-called ' friendly.' fires, such as those usually employed for economic or scientific purposes, as light, heat, etc."

From the early days of *Austin* v. *Drewe* (4 Camp. 360, 128 Eng. Rep. 1104 [Jan. 24, 1816]) the famous sugar case, and followed since then by the English and the American courts, it has always seemed to be the rule that no recovery could be had under a fire insurance policy through any damage caused by the operation of a friendly fire, whether it might be characterized as unfriendly in its operation or not.

In *Fitzgerald* v. *German-American Ins. Co.* (30 Misc. 72) it was held that there could be no recovery for damages to property caused by smoke emitted from a lighted lamp, when the lamp failed to operate properly. The rule therein stated is: " The rule seems to be that where the insured employs fire for economic or scientific purposes and the fire is confined to the

agencies so employed and damage ensues without any actual ignition to the property insured, the insurance company is not liable."

In *Davis* v. *Law Union & Rock Ins. Co.* (166 Misc. 75, affd. 194 Misc. 176 [App. Term, 2d Dept.]) where an oil-burning furnace went mechanically out of control through some defect and flames and smoke poured from the fire chamber and the plaintiffs' stock was damaged by smoke, the Municipal Court of New York, Borough of Brooklyn, opinion by KOCH, J., denied recovery to the plaintiff stating (p. 76): " The fire here was what is called a friendly fire. There was at all times only one fire that was kept burning in the place where it was intended to be ".

In that case flames and smoke were alleged to have poured from the fire chamber, yet recovery was not permitted to the plaintiff. There are also other deciding cases which follow the same reasoning, both in our State and in foreign jurisdictions, although " there is a dearth of decisions of courts of review in New York State applicable to damage resulting from oil burners or heaters as a causative fire element, though same are presently in common use." (*Giambalvo* v. *Phoenix Ins. Co. of Hartford,* 178 Misc. 887 [1942].)

A friendly fire, as we must know, is a fire created by man for his own use and the fact that it does not operate in the manner intended, and, on the contrary, destroys the vessel in which it is intended to burn, and in the process of doing so, throws out fumes and smoke, does not render it any less a friendly fire.

It should be remembered that in construing a provision of a contract, the court does not merely go to the dictionary, but in giving effect to the language used by the parties, considers what as reasonable men they intended, or what provision as such reasonable men they would have made for the specific contingency which gave rise to the litigation, if the possibility that it would arise had occurred to them. The cause of action between these litigants is based upon the current standard form of fire insurance.

In our present case, the gas flame was at the bottom of the gas heater steamer and it was left on all night. When the employees arrived for business the next morning, the gas heater steamer was red hot and the place is said to have been full of smoke and that there was a small fire with flames at the end of a worktable near the steamer. One of the employees who

so testified stated he threw some pails of water on the work bench and extinguished the flame. We must keep in mind the courts have held that under such circumstances as we have in our present case, there can be no recovery for damages caused by smoke and/or smudge. There must be actual flames and they must come from a hostile fire to permit recovery. No doubt the jury believed there was a fire with flames on the workbench. Under all the testimony and a re-examination of it and the law, I am of the opinion that the testimony concerning the fire and flames on the work bench is incredible. Incredible evidence is no evidence. Without such evidence and similar such, the plaintiffs cannot succeed in this case. The weight of the credible evidence is opposed to the theory of the plaintiffs, so the verdict of the jury in favor of the plaintiffs is here set aside and the complaint is dismissed on the motion of the defendants.